UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

DAVID WILLIS,

    Plaintiff,

v.

ACTION NO. 3:12cv843

JASMINE MARCHANT, et al.,

    Defendants.

### DISMISSAL ORDER

Plaintiff, a federal inmate, brings this pro se action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), to redress an alleged violation of Plaintiff's constitutional rights and an alleged violation of RICO. The United States District Court for the Western District of North Carolina dismissed a Petition filed by Plaintiff pursuant to 28 U.S.C. § 2255[1] in an Order dated December 21, 2012, in Action No. 3:11cv332 (the "Order"). The United States Court of Appeals for the Fourth Circuit subsequently reviewed the dismissal and denied Plaintiff a certificate of appealability in a per curiam opinion dated April 26, 2012, in Action No. 12-6313. Plaintiff alleges that his rights were violated because it is "self-evident" (Compl. ¶ 20) that the matter was not reviewed by an Article III judge. Each of the named Defendants is or was a law clerk for the Fourth Circuit or District Court.

---

[1]Plaintiff was convicted by a jury in 2008 of solicitation to commit a crime of violence in violation of 18 U.S.C. § 373 and of use of interstate commerce facilities in the commission of murder-for-hire in violation of 18 U.S.C. § 1958. Petitioner's habeas Petition challenged the constitutionality of the murder-for-hire statute among other grounds.

Plaintiff paid the filing fee. Prior to proper service of the Complaint upon them, Defendants filed a Motion to Dismiss. Plaintiff was advised of his right to respond to the Motion to Dismiss pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he did respond. The Motion to Dismiss is ripe for consideration.

Under Fed. R. Civ. P. 12(b)(6) a Complaint should be dismissed if it fails to state a claim upon which relief can be granted. The facts alleged by Plaintiff, though not the legal conclusions, must be taken as true. Loe v. Armistead, 582 F.2d 1291, 1292 (4th Cir. 1978); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A pro se complaint should survive only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and beyond the level that is merely conceivable. Id. at 545; Iqbal, 556 U.S. at 680. A pro se complaint involving civil rights issues should be liberally construed. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). However, a court is not required "to accept as true a legal conclusion couched as a factual allegation," Papasan v. Allain, 478 U.S. 265, 286 (1986), or a legal conclusion unsupported by factual allegations. Iqbal, 556 U.S. at 681. A plaintiff must rely on more than unadorned accusations. Id. at 678.

Plaintiff's Complaint is both conclusory and accusatory, but it is wholly devoid of any facts supporting its conclusions. This Court has reviewed Plaintiff's habeas Petition, the District Court opinion dismissing the Petition, and the Fourth Circuit's Order denying the certificate of appealability. Nothing appears amiss, and the rulings fully accord with governing law. Indeed, Plaintiff does not identify any legal infirmity or mistake in any ruling, other than Plaintiff's contention that these Courts were wrong because they did not agree with him. Nothing presented

indicates any error that is "self-evident" or "obvious" as Plaintiff contends. Even if the Court assumes law clerk involvement in the drafting of opinions, Plaintiff identified no facts whatsoever indicating that the Fourth Circuit Judges who ruled on his case did not review the matter as they stated they did. Order at 2.

Plaintiff pleads no facts that would support the individual liability of the law clerks named as Defendants. Plaintiff does not know if any of them had any involvement whatsoever in handling his claims, a fact he freely admits as he seeks discovery to determine "*who* actually authored what and how much *time* each individual spend on Plaintiff's pleadings." Compl. at 9. It is Plaintiff's burden to show facts demonstrating a plausible claim of entitlement to relief against each Defendant. It is not a Defendant's burden to disprove Plaintiff's unfounded allegations as Plaintiff contends. Litigants are not entitled to discovery fishing expeditions to determine whether a claim exists. See U.S. v. Taylor, slip op., Crim. No. 2:08-0143, 2012 WL 1833904, *1 (W.D. La. May 15, 2012) (rejecting litigant's attempt to "embark on a 'fishing expedition' to 'explore [his] case in search of its existence.'"). "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79.

Claims of this type are not novel, and they have been uniformly dismissed. E.g., Jackson v. Houck, 181 Fed. Appx. 372 (4th Cir. 2006) (finding law clerks entitled to absolute judicial immunity); Olivia v. Heller, 839 F.2d 37 (2d Cir. 1988) (same); Bear v. Potter, 89 F. Supp. 2d 687, 691 (W.D.N.C. 1999) (observing that the judge was unable "to fathom how the 100-year old tradition of law clerks constitutes a fraud on the court."); Bradford v. Mullen, No. 3:99cv180, 1999 WL 907537 (W.D.N.C. Sept. 2, 1999) (same). This claim fares no better. The Court dismisses the Complaint for its basic failure to identify facts that would nudge this claim from the realm of the

3

merely conceivable to the plausible. Because Plaintiff failed to state a claim upon which relief can be granted, this case is hereby **DISMISSED** without prejudice.

The Plaintiff is clearly displeased with his conviction of soliciting the murder of his ex-wife, his appeal therefrom, and the denial of his habeas corpus claims. Although he is obviously well read in the area of legal decisions and legal articles, it would appear that he has not considered decisions which do not favor his position.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from bringing a civil action or appealing a judgment in a civil action under section 1915 if "the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical harm." Accordingly, the Court CAUTIONS Plaintiff that this action was dismissed by the Court for failure to state a claim upon which relief can be granted. Additionally, the Court CAUTIONS Plaintiff that the requirements of Fed. R. Civ. P. 11 apply to all litigants, even those proceeding pro se. Plaintiff should familiarize himself with his obligations under this Rule. Submissions must not be for the purpose of harassment, and the claims asserted must have evidentiary support. Sanctions may be imposed if a court determines that Plaintiff violated Rule 11.

Plaintiff may appeal from this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Charlotte Division, Room 212, 401 W. Trade St., Charlotte, NC 28202. Said written notice must be received by the Clerk within sixty (60) days from the date of this Dismissal Order. If Plaintiff wishes to proceed *in forma pauperis* on appeal, the application to proceed *in forma pauperis* is to be submitted to the Clerk, United States Court of

Appeals, Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **DIRECTED** to mail a copy of this Dismissal Order to Plaintiff and counsel for Defendants.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

Norfolk, Virginia
February 21, 2013